**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MAYNOR AUGUSTO CRUZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, *et al*.,<br><br>Respondents. | Case No.: 2:26-cv-00315-RFB-DJA<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Maynor Augusto Cruz Perez's (ECF No. 10) First Amended Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE").

The Court makes the following findings of fact. Petitioner is a noncitizen who has resided in this country for over twenty years after entering without inspection when he was 18 years old. See Verified Petition ("Pet.") at 1, ECF No. 10. On November 30, 2025, he was taken into custody by ICE Enforcement and Removal Operations ("ERO") pursuant to a Form I-247A immigration detainer lodged by ERO with Clark County Detention Center ("CCDC"), where he was detained after an arrest for alleged domestic battery. See Respondents' Return, Ex. A, Form I-213, ECF No. 13-2. The domestic battery charge remains pending. Id. Also on November 30, 2025, the Department of Homeland Security ("DHS") commenced removal proceedings against Petitioner, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). Id., Ex. B., Notice to Appear, ECF No. 13-3.

     The only basis the government asserts for detaining Petitioner is the government's reimagination of the Immigration and Nationality (INA), specifically 8 U.S.C. § 1225(b)(2)(A), to authorize mandatory detention—without a hearing—of all noncitizens charged with entering the United States without inspection. See generally, Respondents' Return, ECF No. 13. Respondents concede that this case is controlled by this Court's prior decisions in similar cases and do not offer any reason this Court should not grant the same relief it has granted to dozens of similarly situated noncitizen habeas petitioners. See, e.g., Jacobo-Ramirez v. Noem. 2:25-CV-02136-RFB-MDC, 2026 WL 310090, at *1 n. 1 (D. Nev. Feb. 5, 2026) (collecting cases). The Court incorporates by reference its rulings on Respondents' arguments as to jurisdiction, administrative exhaustion, detention under the INA and due process from its decisions in Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715 (D. Nev. Jan. 26, 2026), Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137 (D. Nev. Nov. 24, 2025), Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025). Consistent with its prior decisions, the Court finds the government's application of § 1225(b)(2)(A) to Petitioner is unlawful under the INA and Due Process Clause of the Fifth Amendment.

     The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

     The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Consistent with its broad equitable authority to fashion a remedy for

unlawful detention "as law and justice require," the Court finds that, considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, Respondents must provide a bond hearing promptly, no later than **March 3, 2026**, or immediately release him from custody on his own recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 10) First Amended Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **March 3, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to immediately release Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 3, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 3, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 4, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing has not occurred or bond was granted, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment.

**DATED:** February 24, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**